UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Alberto LARA, Defendant-
Appellant.

No. 15-5874

United States Court of Appeals,
Sixth Circuit.

Filed July 03, 2017

Charles P. Wisdom, Jr., Assistant U.S. Attorney, Office of the U.S. Attorney, Lexington, KY, Anthony J. Bracke, Assistant U.S. Attorney, Office of the U.S. Attorney, Ft. Mitchell, KY, John Michael Pellettieri, U.S. Department of Justice, Criminal Division, Appellate Section, Washington, DC, for Plaintiff-Appellee

Candace C. Crouse, Pinales Stachler Young Burrell & Crouse, Cincinnati, OH, for Defendant-Appellant

BEFORE: ROGERS, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge.

In a previous opinion, we held in abeyance the issue of whether defendant Jose Alberto Lara could be found jointly and severally liable for the proceeds of a drug conspiracy in which he had participated. *United States v. Lara,* 679 Fed.Appx. 392, 396, 2017 WL 527912, at *4 (6th Cir. Feb. 8, 2017). We did so because the Supreme Court had recently granted certiorari in a separate case to address "whether, under [21 U.S.C.] § 853, a defendant may be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." *Honeycutt v. United States,* — U.S. ——, 137 S.Ct. 1626, 1630, 198 L.Ed.2d 73 (2017).

The Court now has resolved that question, holding that "[Congress] authorized the Government to confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." *Id.* at 1634; *see also id.* at 1633-35 (rejecting the application of *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), (i.e., conspiracy liability) to § 853). Because the district court held Lara liable under § 853 for $162,211—the sum of the drug proceeds attributed to the conspiracy as a whole—without making factual findings about what portion (if any) Lara "actually acquired" or whether he received "substitute property" derived from the proceeds, *see id.* at 1633-35, we VACATE the district court's sentence with respect to Lara's money-forfeiture judgment and REMAND for further proceedings consistent with this opinion. The judgment of the district court is otherwise AFFIRMED for the reasons given in our prior opinion.